STANTON MANUFACTURING COMPANY

*v.*

WILLIAM MCFARLAND et al.

Where, on a preliminary hearing of an application to enjoin defendant from selling or encumbering a patent assigned to him and claimed by complainant under a prior unrecorded assignment, it appears that complainant is entitled to equitable relief as against his assignor, that defendant acknowledged to a person other than complainant that he had notice of complainant's claim, and that defendant, until enjoined, can sell the patent to as many individuals as he can find as purchasers, which, if done, would work irreparable damage to complainant, a temporary injunction should be granted, though defendant makes affidavit resisting the application, denying that he ever had such notice.

On motion for injunction heard on bill and answer.

*Mr. Francis C. Lowthorp*, for the complainant.

*Mr. James Buchanan*, for the defendants.

BIRD, V. C.

The question in this case is not whether an injunction which has been issued shall be retained or not, but whether one shall be allowed. The order to show cause rested chiefly upon the allegation that the defendant McFarland had notice of the rights of the complainant before he took an assignment of the patent in question. The complainant's right, or what he claims to be a right, rests upon an assignment which antedates the assignment under which the defendant McFarland claims, but the former assignment was not recorded. Notwithstanding there was no such record, the complainant alleges that he, McFarland, acknowledged that he was aware of the title of the complainant before he took the assignment under which he claims a preference to the complainant. The defendant, upon the return of the order to show cause, comes with his answer, in which he

positively denies the allegation of notice and supports it by his affidavit.

Two questions are presented by the bill for consideration—*first*, does the complainant show an equitable right to the patent in question? and *second*, has he made a case by his bill and proofs which the defendant has not, in this preliminary inquiry, fully met? or supposing, in the application of the ordinary rule in such cases, the defendant has, by his answer and affidavit, met the allegations of the complainant's bill and the proofs annexed thereto, does there appear to be any reason why the ordinary rule which requires that the injunction should not go, should not be applied in this case?

*First.* As to the rights of the complainant under his assignment, independently of the rights of the defendant McFarland: I think, as the authorities now stand, they go far enough to justify me, at this stage of the case, in concluding that if the allegations are sustained, the complainant would be entitled to relief upon final hearing, as between itself and Stanton.

The more important question at this inquiry is whether or not, as the pleadings and proofs now stand, an injunction ought to be allowed, restraining the defendant McFarland from attempting to sell, assign or encumber the patent. The court, in such cases, is controlled by what is regarded as a sound discretion. It seems to be well established that, even though the answer and proofs negative the allegations of the bill, which are the foundation for a claim to an injunction, the court may, nevertheless, grant or continue the injunction until the final hearing. In the case of *Chetwood* v. *Brittain, 1 Gr. Ch. 438*, the chancellor used the following language: "This is a question which must always rest upon discretion, and yet that discretion should not be arbitrary, but yield to well-established rules. The equity may be answered, and yet the court will continue the injunction to the hearing, and especially so if a dissolution would work a greater injury than a continuance of the process." In speaking on this point in the case of *Fleschman* v. *Young, 1 Stock. 620*, Chancellor Williamson, after using language very similar to that above quoted, added that these principles should

be applied, " but not in such slavish obedience to them as to defeat the ends of justice." See, also, *Stotesbury* v. *Vail, 2 Beas. 390 ; Irick* v. *Black, 2 C. E. Gr. 200 ; Firmstone* v. *De Camp, 2 C. E. Gr. 316 ; Murray* v. *Elston, 8 C. E. Gr. 129.* In this case the court said : " The answer denies, fully and explicitly, the equities of the bill. Under the general rule in such cases the injunction should be dissolved. But this rule is subject to exceptions and does not necessarily prevail where, by continuing the injunction, the ends of justice will be better subserved. The motion to dissolve in such instances has been often denied by this court in the exercise of its appropriate discretion, having regard to the circumstances of the case and the effect which a dissolution would have upon the relative situation of the parties in the further prosecution of the suit." *Van Syckle* v. *Rorbach, 2 Halst. Ch. 234.*

In *McKibben* v. *Brown, 1 McCart. 13,* one so cautious and learned as Chancellor Green said that " in cases of real doubt as to the equitable rights of the complainant, an injunction may be retained until final hearing, notwithstanding the denial in the answer."

In *Hilles* v. *Parrish, 1 McCart. 380,* it was said the granting and continuing of injunctions rests mainly on equitable grounds and is not exercised for the mere purpose of protecting legal rights, irrespective of the claim of the parties to equitable relief. *Manko* v. *Chambersburg, 10 C. E. Gr. 168 ; Henwood* v. *Jarvis, 12 C. E. Gr. 460 ; French* v. *Snell, 2 Stew. Eq. 95 ; High. Inj.* § *1467.*

The cases above referred to were decided upon motion to dissolve injunctions which had been granted. I have referred to them upon the belief that the same principles should control the court upon the application for the injunction, upon an order to show cause, when the answer of the defendants and affidavits are presented by way of resistance. This view is sustained by the case. *The Society for Establishing Useful Manufactures* v. *Low, 2 C. E. Gr. 19.*

Therefore, it appearing that the complainant is entitled to equitable relief as against Stanton, and that a party other

than the complainant swearing that the defendant McFarland acknowledged to him that he had notice of the claim of the complainant, and it also appearing that the defendant has it in his power to make sale of the patent to as many different individuals as he could find as purchasers in all parts of the United States, if he were not restrained from doing so, which, if done to any considerable extent, would certainly work irreparable mischief to the complainant, it seems to me that the rule stated in the above-named cases not only would justify me, but require me, to advise that the order to show cause be made absolute, notwithstanding the emphatic denial of the defendant McFarland of any notice in his answer and affidavit. If the defendant McFarland asks for a speedy hearing, the complainant will be required to proceed at an early day or suffer the dissolution of the injunction.